[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM: MOTION TO STRIKE #182
This is a product liability action against the defendant, Grossman's Inc. (Grossman's), claiming a defective smoke detectors,[1] failed to alert the plaintiff of a fire which resulted in the death of some of the members of the Winston family and injuries to other members. Grossman's filed a third-party complaint against BRK Brands, Inc. (BRK), the alleged manufacturer of the product and Decatur and Hopkins (Decatur), the alleged distributor of the detector. Subsequently only the defendant Decatur moved to CT Page 9329 strike those counts of the second amended complaint alleging bystander emotional distress and personal fright. That motion was granted by Judge Gill on January 17, 1997.
Thereafter the plaintiffs filed a third amended complaint. The defendant BRK now has moved to strike counts 14, 15, 17, 18, 20 and 21 of the plaintiffs' third amended complaint alleging claims of bystander emotional distress and personal distress against it.
The counts BRK seeks to strike with the instant motion are essentially identical to those struck by Judge Gill when he considered this same issue as to the defendant Decatur. It was Judge Gill's determination that the allegations of bystander emotional distress and personal distress were in fact negligence claims unknown at common law or at least not existing at the time of the enactment of the product liability statute and therefore precluded by the Connecticut Product Liability Act, General Statutes § 52-572m et seq. It was on this basis he granted the Motion to Strike these claims. This precise issue is before this court and since it has been previously decided in this case it can be considered the "law of the case". While the law of the case is not written in stone and a judge is not bound to follow the decisions of another judge made at an earlier stage of the proceeding, "the court in a subsequent proceeding in the case may treat that [prior] decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or over-riding circumstance." Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Id., 99-100.
This court has no reason to substitute it's judgement for that of Judge Gill nor has any has "new or overriding circumstance" occurred since Judge Gill's ruling on the defendant Decatur's motion to strike. Accordingly, the defendant BRK Brands, Inc.'s motion to strike counts 14, 15, 17, 18, 20 and 21 of the plaintiffs' third amended complaint is granted.
PELLEGRINO, J.